**FILED**

**June 21, 2018**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 11:03 A.M. EASTERN**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | |
|---|---|
| **RODNEY WHITWORTH,**<br>　　　　**Employee,**<br>**v.**<br>**TAYLOR PLUMBING OF EAST**<br>**TENNESSEE, INC.,**<br>　　　　**Employer,**<br>**and**<br>**NATIONWIDE PROPERTY AND**<br>**CASUALTY INS. CO.,**<br>　　　　**Carrier.** | ) Docket No.: 2016-03-1387<br>)<br>)<br>)<br>) State File No.: 18696-2016<br>)<br>)<br>)<br>) Judge Lisa A. Lowe<br>)<br>) |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS
### (Decision on the Record)

---

This matter came before the Court upon the Request for Expedited Hearing filed by Rodney Whitworth seeking a decision on the record. Taylor Plumbing filed a response but did not request an evidentiary hearing. The Court issued a Docketing Notice on May 25, 2018, listing the documents to be considered. The Court gave Mr. Whitworth and Taylor Plumbing until June 8, 2018, to file objections and/or position statements. Mr. Whitworth filed a supporting brief. Taylor Plumbing filed nothing. Upon review of the record, the Court finds it needs no additional information to determine whether Mr. Whitworth is likely to prevail at a hearing on the merits of the claim.

The central legal issue is whether Mr. Whitworth is likely to prevail at a hearing on the merits that he is entitled to medical benefits and temporary total disability benefits. For the reasons below, the Court holds Mr. Whitworth came forward with sufficient evidence demonstrating he is entitled to past and ongoing medical benefits but is not entitled to temporary benefits at this time.

1

## History of Claim

A review of the written materials revealed the following facts.

Taylor Plumbing employed Mr. Whitworth as a laborer. He initially worked for Taylor Plumbing as a subcontractor through Payroll Solutions but later worked directly for Taylor Plumbing as an employee.[1]

As an employee, Mr. Whitworth worked forty hours per week. He was responsible for completing service calls assigned to him by his supervisor. On August 14, 2015, Taylor Plumbing assigned Mr. Whitworth to remove and replace a water heater that weighed approximately sixty to eighty pounds. When replacing the water heater, Mr. Whitworth heard his back "pop" and immediately began to feel low back pain, numbness, and tingling. Mr. Whitworth completed installation of the water heater and contacted his immediate supervisor, Tommy McNew, to provide notice of the injury. Taylor Plumbing did not provide Mr. Whitworth with a panel of physicians nor did it offer him medical treatment.

Mr. Whitworth did not seek treatment on the day of his injury. However, after increased and continuing pain, he went to his family physician, Dr. Howard McNeeley, on August 17. On August 24, Dr. McNeeley referred Mr. Whitworth to orthopedist Dr. Paul Johnson, who noted Mr. Whitworth's low back pain and radiating leg symptoms. He ordered x-rays, which showed degenerative changes at L4 with a reduction in disc height. Dr. Johnson ordered an MRI that revealed a herniated disk at L4, which correlated with Mr. Whitworth's right leg radiculopathy. After an unsuccessful steroid injection, Dr. Johnson recommended surgery, which he performed on September 12, 2016. Mr. Whitworth also received pain management treatment from Comprehensive Pain Specialists.

Mr. Whitworth continued to have problems after the initial surgery. As a result, on January 12, 2017, Dr. Johnson recommended Mr. Whitworth undergo additional surgery. On April 12, Dr. Johnson decompressed more of the L4 level and performed a bilateral fusion of the L4 and L5 vertebra.

Taylor Plumbing obtained an Independent Medical Examination (IME) with Dr. Patrick Bolt. Dr. Bolt confirmed the herniated disc at L4-5 diagnosis as the cause of Mr. Whitworth's severe low back pain and leg pain. He also stated that he believed, within a reasonable degree of medical certainty, that Mr. Whitworth's symptoms are more likely than not related to the August 14, 2015 work injury, which necessitated the

---

[1] Taylor Plumbing originally denied the claim on the grounds of independent contractor but following discovery, it agreed Mr. Whitworth was in fact an employee. Despite that admission, Taylor Plumbing continued to deny any medical and temporary disability benefits.

later surgeries. Dr. Bolt noted that Mr. Whitworth's medical records indicated some earlier history of low back pain; however, he concluded that absent additional medical records, the current symptoms are the result of the August 14, 2015 work injury and not some continuing or previous injury. Dr. Bolt stated that Mr. Whitworth reached maximum medical improvement (MMI) and assigned a permanent impairment rating of 9%.

Mr. Whitworth obtained his own IME with Dr. William Kennedy. Dr. Kennedy concluded that Mr. Whitworth's work injury was the primary cause of the L4 disc displacement and radiculopathy that required two surgeries and that the work injury primarily caused a permanent aggravation and advancement of Mr. Whitworth's pre-existing L4 degenerative condition. Further, he stated that all of the testing and subsequent treatment following the work injury was appropriate and medically necessary as the result of that work injury. Dr. Kennedy agreed that Mr. Whitworth reached MMI and assigned a permanent impairment rating of 14%.

Jimmy Taylor, the owner of Taylor Plumbing, testified by deposition that he continued paying Mr. Whitworth his weekly paycheck for a few weeks after the work injury but never paid temporary total or temporary partial disability benefits. Mr. Whitworth stated he was unable to return to work because of his injury and is entitled to TTD benefits from the date of injury through MMI. Dr. Bolt found Mr. Whitworth reached MMI on January 10, 2018, while Dr. Kennedy found MMI on February 5, 2018. The parties agreed to a compensation rate of $531.98. Additionally, Mr. Whitworth seeks payment for all medical expenses related to the work injury.[2]

In its response, Taylor Plumbing stated it does not dispute Mr. Whitworth's request for reasonable, necessary, and causally-related medical treatment for the work injury, but it reserves all applicable compensability defenses. Taylor Plumbing agreed to institute medical benefits in this matter but did not agree to pay for Mr. Whitworth's earlier treatment. It further argued that Mr. Whitworth failed to establish the duration of time he was unable to work resulting from the injury. Mr. Whitworth testified he quit his job after the back injury, but that statement is insufficient proof that he had restrictions that precluded him from working from the date of injury. Neither Dr. Bolt nor Dr. Kennedy addressed Mr. Whitworth's work abilities from the date of the injury until the time they saw him. Therefore, Taylor Plumbing averred Mr. Whitworth is not entitled to temporary disability benefits.

## Findings of Fact and Conclusions of Law

Mr. Whitworth need not prove every element of his claim by a preponderance of

---

[2] Mr. Whitworth did not provide documentation of the treatment charges with Drs. McNeeley or Johnson or pain management.

the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2017).

## *Medical Benefits*

The Workers' Compensation Law provides that the employer shall furnish medical treatment made reasonably necessary by the work injury. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A). Here, both IME doctors concluded the need for the medical treatment was the work-related injury. An employer risks being required to pay for unauthorized treatment if it does not provide the treatment made reasonably necessary by the work injury as required by Tennessee Code Annotated section 50-6-204(a)(1)(A). *See Young v. Young Elec. Co.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at *16 (May 25, 2016).

Mr. Whitworth sustained a specific work-related incident on August 14, 2015. Despite receiving adequate statutory notice of the injury, Taylor Plumbing failed to provide a panel of physicians or provide medical treatment. Due to that failure, the Court finds it reasonable that Mr. Whitworth sought treatment on his own. Though he had some history of low back pain, both Drs. Bolt and Kennedy surmised that Mr. Whitworth's low back and right leg pain and resultant treatment were caused by the August 14 work injury. Taylor Plumbing offered no reason or explanation why it neither reimbursed Mr. Whitworth for past reasonable and necessary medical expenses nor provided ongoing medical treatment after its own expert related Mr. Whitworth's condition to the work injury. The Court concludes that Mr. Whitworth demonstrated he is likely to prevail at a hearing on the merits that his injury arose primarily out of and in the course and scope of his employment.

Turning to Mr. Whitworth's medical benefits request, the Court holds Taylor Plumbing must provide reasonable and necessary medical treatment related to the injury. Taylor Plumbing shall authorize treatment with Dr. Johnson, who shall become the authorized treating physician. Taylor Plumbing shall also pay all reasonable and necessary medical expenses resulting from the work injury, including expenses for treatment Mr. Whitworth already received.

## *Temporary Disability Benefits*

Upon consideration of the evidence, the Court finds Mr. Whitworth did not come forward with sufficient medical proof to satisfy the requirements for entitlement to temporary total or temporary partial disability benefits. An injured worker is eligible for temporary disability benefits if (1) the worker became disabled due to a compensable injury, (2) there is a causal connection between the injury and the inability to work, and (3) the worker established the duration of the period of disability. *James v. Landair*

4

*Transp., Inc.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 28, at *16 (Aug. 26, 2015). Temporary partial disability benefits may be awarded when the temporary disability resulting from a work-related injury is not total, and this entitlement exists for the "time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6 (Tenn. Workers' Comp. Panel Nov. 15, 2005).

Here, Mr. Whitworth provided the opinions of Drs. Bolt and Kennedy that he had permanent restrictions after reaching MMI, but he failed to provide a medical opinion addressing his inability to work or any assigned restrictions during the course of his treatment with Dr. Johnson. Mr. Whitworth testified he was unable to work after the injury. Presumably, there would be a period following both surgeries that Dr. Johnson either took him off work completely or assigned restrictions. However, without medical proof of disability and the duration of that disability, the Court is unable to hold that he is likely prevail at a hearing on the merits on his claim for temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Taylor Plumbing shall provide Mr. Whitworth with medical treatment for his injuries as required by Tennessee Code Annotated section 50-6-204, including payment of all reasonable and necessary medical expenses associated with his work injury. Dr. Johnson shall become the authorized treating physician. Medical bills shall be furnished to Taylor Plumbing by Mr. Whitworth or the medical providers.

2. Mr. Whitworth is not entitled to temporary disability benefits at this time.

3. This matter is set for a Scheduling Hearing on **August 7, 2018, at 10:00 a.m. Eastern Time**. The parties must call (865) 594-0091 or (toll-free) (855) 543-5041 to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2017). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED June 21, 2018.**

_____

**LISA A. LOWE, JUDGE**
**Court of Workers' Compensation Claims**


## APPENDIX

The Court reviewed the entire case file in reaching its decision. Specifically, the Court reviewed the following documents, marked as exhibits for ease of reference:

**Exhibits:**
1. Petition for Benefit Determination
2. Dispute Certification Notice dated January 31, 2017
3. Scheduling Hearing Order
4. Mr. Whitworth's Request for Expedited Hearing
5. Brief in Support of Request for Expedited Hearing
6. Dr. William Kennedy's February 5, 2018 Independent Medical Examination
7. Medical Records from Tennessee Orthopaedic Clinic
8. Deposition of Rodney Whitworth
9. Deposition of Jimmy Taylor with exhibits
10. Taylor Plumbing 's Response to Request for Expedited Hearing
11. Docketing Notice for On-The-Record Determination
12. Mr. Whitworth's Position Statement

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on June 21, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Ameesh A. Kherani, Employee's Attorney | | | X | Akherani@davidhdunaway.com |
| Stephen B. Morton, Joshua A. Wolfe, Employer's Attorneys | | | X | Stephen.morton@mgclaw.com Joshua.wolfe@mgclaw.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov

7